605 F.2d 493
 CA PC 79-3535 Nancy Anne SPANGLER, by her father and next
friend, James E. Spangler, Jr., et al., Appellees,
and
Sharon Hughes Spangler, etc., et al., Intervenors-Appellees,
and
United States of America, Intervenor-Appellee,
v.
PASADENA CITY BOARD OF EDUCATION et al., Appellants.
 Nos. 77-2902, 77-2941 and 78-2266.
 United States Court of Appeals,
Ninth Circuit.
 Sept. 20, 1979.
 
 Appeals from the United States District Court for the Central District of California.
 Before GOODWIN, KENNEDY, and ANDERSON, Circuit Judges.
 
 
 1
 Subsequent to the filing of both the opinion of the court and the concurring opinion of Judge Kennedy, and also subsequent to the filing of a petition for rehearing and suggestion for rehearing en banc by the United States, the Supreme Court issued its opinions in Columbus Board of Education v. Penick, --- U.S. ----, 99 S.Ct. 2941, 61 L.Ed.2d 666 (1979), and Dayton Board of Education v. Brinkman, --- U.S. ----, 99 S.Ct. 2971, 61 L.Ed.2d 720 (1979). We have studied the Columbus and Dayton decisions, and conclude that they do not require alteration of the opinions originally filed.
 
 
 2
 The various opinions of the Justices discussed several aspects of remedial principles in desegregation cases, but the holdings do not point to an approach or result different from that we reached in our initial disposition. The principal holding in both cases was that the school boards had operated a dual system as of 1954, the date of Brown v. Board of Education, 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873 (1954); given this fact, the school boards were then under an obligation to dismantle the dual systems. Neither board had taken such steps, and the Court therefore found court-supervised desegregation appropriate.
 
 
 3
 Since the issue in Columbus and Dayton was whether the school board had violated the constitution, it is not surprising that neither opinion addressed the crucial issue in this litigation: whether the effects of the Board's admitted constitutional violation have been corrected after nine years of a court-supervised remedy. In neither Columbus nor Dayton Was the Court faced with a school system which had so operated under an assignment plan establishing a unitary system.
 
 
 4
 The panel has voted to deny the petition filed June 19, 1979, by the United States, and to reject the suggestion for en banc included therein. Judge Kennedy has amended his concurring opinion, by an order filed herewith. The full court has been advised of the suggestion for rehearing en banc and of the amendment to the concurring opinion. No judge of the court has requested en banc consideration. Fed.R.App.P. 35.
 
 
 5
 With the concurring opinion so amended, the petition for rehearing is denied and the suggestion for rehearing en banc is rejected.